USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW J. MAYO,

                       Plaintiff,

          - against -

FEDERAL GOVERNMENT, et al.,

                    Defendants.

**OPINION AND ORDER**

**11 Civ. 2828 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.   INTRODUCTION

*Pro se* Plaintiff Andrew Mayo ("Mayo") brought this action against the United States Government, Dr. Ira Jassar ("Jassar"), MAN VA Hospital, Bronx VA Hospital (collectively referred to as the "Federal Defendants"), and Johnson & Johnson for medical malpractice, products liability, and for violating his constitutional right to privacy. By Order issued on September 28, 2012 ("September Order"), this Court dismissed all of Mayo's claims against the Federal Defendants and Johnson & Johnson with prejudice, except for his medical malpractice claim against Jassar. Before the Court are cross motions for reconsideration. Mayo seeks reconsideration of the entire Order, and the Federal Defendants seek reconsideration of this Court's ruling with respect to Mayo's malpractice claim against Jassar. For the reasons that follow, Mayo's motion for reconsideration is **DENIED**, and the Federal Defendant's motion is **GRANTED**.

## II.   BACKGROUND

The Parties bring motions pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 to fully and partially reconsider the September Order. The facts of this case are fully presented in this Court's earlier opinion, familiarity with which is assumed. *See Mayo v.*

*Federal Government*, No. 11 Civ. 2828 (RLE), Docket No. 57, (S.D.N.Y. Sept. 28, 2012). In the September Order, this Court held that the two-year statute of limitations under the Federal Tort Claims Act ("FTCA") had passed, but that equitable tolling was available because of Mayo's allegations that his medical condition placed him in a sedated state and prevented him from pursuing his legal rights. September Order at 9.

All of Mayo's constitutional claims against the Federal Defendants were dismissed. *Id.* at 1. His products liability claim for failure to warn against Johnson & Johnson was also dismissed. Mayo's medical malpractice claim against Jasser was dismissed without prejudice pursuant to this District's practice of refusing supplemental jurisdiction when a claimant's federal claims are no longer before the Court. The Federal Defendants filed a motion to reconsider, arguing that the FTCA prohibits common law claims against individual defendants when acting within the scope of their employment. Mayo also filed a motion to reconsider, requesting that all his dismissed claims be revisited.

### III.   DISCUSSION

#### A.   Motion For Reconsideration Standard

The standard for a motion for reconsideration is strict, and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). Parties may not "advance new facts, issues or arguments not previously presented to the Court," *id.*, nor use the rules as a means to "sway the judge one last time." *Brown v. City of*

*Oneonta*, 916 F. Supp. 176, 178 (N.D.N.Y. 1996).

**B.      Mayo's Motion For Reconsideration**

Mayo asserts that because Jassar is an employee of the VA Hospital, and that "each defendant had a role in the demise of [his] health." Pl. Mot. for Recons. at 1.  This is a repetition of arguments already made by Mayo, and there is no basis to grant his motion.  Therefore, Mayo's motion for reconsideration is **DENIED**.

**C.      The Federal Defendant's Motion For Reconsideration**

The Federal Defendants ask for reconsideration on the grounds that the FTCA prohibits common law causes of action against individuals acting in their official capacity as government employees, and therefore, a medical malpractice claim can only be pursued against the United States. Mem. of Law in Supp. of the Federal Defendants' Mot. for Partial Recons. ("Mot. for Recons.") at 2.  The Federal Defendants also argue, to the extent necessary, that equitable tolling is not applicable to FTCA claims.  *Id.* at 8.

**1.      Mayo Is Not Entitled To Equitable Tolling On His Federal Claim**

The Court need not reach the question of whether equitable tolling is avaiable in an FTCA case because Mayo has not shown an entitlement to such tolling.  Equitable tolling is warranted when the plaintiff has (1) "acted with reasonable diligence during the time period she seeks to have tolled, and (2) proved that the circumstances are so extraordinary that the doctrine should apply." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002).

Mayo's argument that his disability prevented him from commencing his action within the allocated statute of limitations is unavailing because during this time he had the ability to perform "activities of daily living." September Order at 4.  Mayo's examining physician, Dr.

Steve Cercy, stated that Mayo's "[i]nitial cognitive evaluation in 2002 showed mild, nonspecific problems; since that time [Mayo] has taken several computer classes in 2004, and 2 graduate-level Urban Affairs course between 2002 and 2004 through VA regional office . . . He is currently seeking vocational training in an academic track . . . [Mayo] denies problems in adaptive functioning." *Id.*  Moreover, Mayo did not act with reasonable diligence when pursuing his claim.  He stopped taking Risperdal in 2002, did not begin to believe his weight gain was connected until he conducted research in 2004, filed an administrative complaint in 2006, which was denied in 2009, and initiated his lawsuit in 2011.  Based on Dr. Cercy's evaluation and the time that lapsed between Mayo's research and subsequent filings, he did not act with reasonable diligence when pursuing his claim.  Therefore, Mayo is not entitled to equitable tolling and his claims against the Federal Defendants are barred by the FTCA statute of limitations.

      2.     **Mayo's Medical Malpractice Claim Is Legally Barred Against Dr. Jassar**

      Individual defendants acting within the scope of their employment as government employees have absolute immunity against common law tort claims under the FTCA. *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991).  A plaintiff may bring such common law claims only against the United States. *See* 28 U.S.C. § 2679(a); *McClenton v. Menifee*, 05 civ. 2844 (JGK), 2006 WL 2474872, *15 (S.D.N.Y. Aug. 22, 2006).  To the extent that the prior opinion indicated that Mayo may maintain a state law claim against Dr. Jassar, it is corrected, and Dr. Jassar's motion with respect to the malpractice claim is **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, Mayo's motion for reconsideration is **DENIED**.  The Federal

Defenders' motion for reconsideration is **GRANTED**, and Mayo's medical malpractice claim

against Dr. Jassar is **DISMISSED**.


**SO ORDERED this 10th day of May 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge